# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACADEMISCH ZIEKENHUIS LEIDEN | : | |
| d/b/a/ LEIDEN UNIVERSITY | : | CIVIL ACTION |
| MEDICAL CENTRE | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CARDIOMEMS, INC, | : | No. 10-1127 |
|     Defendant. | : | |

## MEMORANDUM

Schiller, J.                                                                         March 9, 2011

Plaintiff, Leiden University Medical Centre, is an academic hospital organized and existing under the law of the Netherlands. It filed this lawsuit in the District of Delaware, arguing that CardioMEMS, Inc. is infringing its method patent for using a miniaturized pressure sensor with a transponder. CardioMEMS has filed a motion to transfer venue to the Northern District of Georgia, where its headquarters and principal place of business are located. For the reasons provided below, Defendant's motion is denied.

## I.    BACKGROUND

Plaintiff Academisch Ziekenhuis Leiden, a Dutch entity doing business as Leiden University Medical Centre ("LUMC") sued CardioMEMS, Inc., alleging that Defendant infringed its patent. LUMC is the assignee of United States Patent 6,159,156 ("the '156 Patent") which protects "a method for using a miniaturized pressure sensor and transponder attached thereto, comprising introducing said miniaturized pressure sensor and transponder into an aneurysmal sac of a human or animal." (Compl. ¶¶ 8-9.) The '156 Patent also includes a claim "further comprising introducing

said miniaturized pressure sensor and transponder into said aneurysmal sac with a catheter." (*Id.* ¶ 9.) According to LUMC, CardioMEMS makes a device known as the EndoSure® Wireless AAA Pressure Measurement System. (*Id.* ¶ 10.) LUMC asserts that CardioMEMS's product infringes the '156 Patent by, among other things, "introducing [a] miniaturized pressure sensor and transponder into an aneurysmal sac of a human" and "introducing said miniaturized pressure sensor and transponder into said aneurysmal sac with a catheter." (*Id.* ¶¶ 14-15, 18-19.)

CardioMEMS is incorporated in Delaware with its headquarters and principal place of business in Atlanta, Georgia. (CardioMEMS's Mot. to Transfer Venue Ex. A [Bauer Decl.] ¶ 3.) It does not maintain an office in Delaware, nor does it have any employees, documents, or data repositories in Delaware. (*Id.* ¶ 4.) Most of CardioMEMS's employees live in the Atlanta area and most of its business activities occur in Georgia. (*Id.* ¶¶ 5, 8.) The design and development of the allegedly infringing product took place in Georgia. (*Id.* ¶ 7.) CardioMEMS also developed its instructions and training materials in Georgia and trains all of its sales and clinical representatives there. (*Id.* ¶ 14.) Furthermore, CardioMEMS has had more than 400 customers for its system, only one of which operates in Delaware. (*Id.* ¶ 11.)

## II. STANDARD OF REVIEW

A patent infringement lawsuit may be filed "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

2

it might have been brought." The trial court possesses broad discretion in this matter. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043,1045 (3d Cir.1973); *see also Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The defendant, as the moving party, bears the burden of proving that venue is proper in the transferee district and that a transfer is appropriate. *Lindley v. Caterpillar, Inc.*, 93 F.Supp.2d 615, 617 (E.D. Pa. 2000); *see also Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Idasetima v. Wabash Metal Prods., Inc.*, Civ. A. No. 01-197, 2001 WL 1526270, at *1 (E.D. Pa. Nov. 29, 2001). A defendant bears a heavy burden of showing the need for a transfer. *See Behring Diagnostics GmbH v. Biosite Diagnostics*, Civ. A. No. 97-501, 1998 U.S. Dist. LEXIS 531, at *7 (D. Del. Jan. 6, 1998); *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F. Supp. 962, 964 (D. Del. 1993) ("[T]ransfer will be denied if the factors are evenly balanced or weigh only slightly in favor of transfer.").

## III. DISCUSSION

### A. Proper Venue

This Court must first determine whether the Northern District of Georgia is a proper venue for this litigation. As noted previously, a patent infringement lawsuit may be brought where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. CardioMEMS is headquartered and has its principal place of business in Atlanta, which is located in the Northern District of Georgia. Because this case presents a federal question over which a federal district court has subject matter jurisdiction and the Northern District of Georgia clearly has personal jurisdiction over Defendant, it would be a proper venue for this action.

### B.     *Jumara* Factors

The Third Circuit has enumerated a number of private and public factors that a district court should consider when deciding a motion to transfer venue under § 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private factors include: the plaintiff's forum preference; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties, as indicated by their relative physical and financial conditions; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the locations of books and records, to the extent those materials can only be produced in the alternative forum. *Id*. The public factors include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id*. at 879-80.

### 1.     *Private factors*

As a general matter, the plaintiff's choice of forum is entitled to great weight and should not be lightly disturbed. *Shutte*, 431 F.2d at 25; *see also Illumina, Inc. v. Complete Genomics, Inc.*, Civ. A. No. 10-649, 2010 WL 4818083, at *2 (D. Del. Nov. 9, 2010). CardioMEMS suggests, however, that LUMC's choice of forum should receive no deference because it has elected to litigate outside of its "home turf." (CardioMEMS's Opening Br. in Supp. of Mot. to Transfer Venue [CardioMEMS's Br. at 8-9.) CardioMEMS also claims that "LUMC has no reason to choose Delaware," and thus its choice of this District should be afforded no weight. (*Id*. at 8.)

Defendant is correct that, as a general matter, when a plaintiff is not a resident of its chosen

forum and the incident giving rise to plaintiff's claim did not occur in its chosen forum, its choice of forum is entitled to less weight. *See Zenith Prods. Corp. v. Design Home Solutions, LLC*, Civ. A. No. 10-148, 2010 WL 2136569, at *2 (E.D. Pa. May 24, 2010); *see also Downing v. Globe Direct LLC*, Civ. A. No. 09-693, 2010 WL 2560054, at *3 (D. Del. June 18, 2010); *Mekiki Co. v. Facebook, Inc.*, Civ. A. No. 09-745, 2001 WL 2348740, at *3 (D. Del. June 7, 2010).

CardioMEMS has overstated its case, however. LUMC is a Dutch company and has no "home turf" in this country. Defendant's argument, taken to its logical conclusion, would never afford deference to the choice of venue of a foreign plaintiff and leave the choice of venue largely in the control of the defendant. Additionally, it is not correct that LUMC has no reason to litigate this action here. First, CardioMEMS is incorporated in Delaware. *See Mallinckrodt, Inc. v. E-Z-Em, Inc.*, 670 F. Supp. 2d 349, 357 (D. Del. 2009); *Critikon*, 821 F. Supp. at 965 ("By incorporating in Delaware, it can be assumed that [the defendant] desired the benefits it believed Delaware provides to chartered corporations. [The defendant] chose Delaware as its legal home and should not now complain that another corporation has decided to sue [the defendant] in Delaware."); *Textron Innovations, Inc. v. Toro Co.*, Civ. A. No. 05-486, 2005 U.S. Dist. LEXIS 23561, at *5 (D. Del. Oct. 14, 2005); *Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.*, 05-816, 2006 U.S. Dist. LEXIS 39893, at *7 (D. Del. June 15, 2006) ("Defendant's complaints about litigating here are outweighed by the fact that [it] has enjoyed the benefits and protections of incorporation in Delaware and that the state has an interest in litigation regarding companies incorporated within its jurisdiction."). Courts in this District have concluded that it is rational and legitimate to elect to sue a Delaware corporation in its place of incorporation and that a plaintiff's choice of forum should not be disregarded if it poses a rational and legitimate reason for selecting a forum. *See, e.g.*, *Stratos*

5

*Lightwave, Inc. v. E2O Commc'ns, Inc.*, Civ. A. No. 01-309, 2002 U.S. Dist. LEXIS 5653, at *7 (D. Del. Mar. 26, 2002); *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, Civ. A. No. 06-187, 2006 U.S. Dist. LEXIS 92249, at *5-6 (D. Del. Dec. 21, 2006) ("Nonetheless, the court should not disregard a plaintiff's choice of forum where it has a rational and legitimate reason for choosing the forum.") (citing *Joint Stock Soc'y v. Heublein*, 936 F. Supp. 177, 187 (D. Del. 1996)); *Textron Innovations*, 2005 U.S. Dist. LEXIS 23561, at *4-5 (affording less weight to plaintiff's choice of forum because it did not sue on home turf but refusing to disregard choice because it was rational and legitimate to sue Delaware corporation in Delaware.)

Second, Defendant does have a customer that operates in Delaware, an indication that at least a small portion of infringement may be occurring in Delaware. Third, Plaintiff may have made a strategic decision to litigate outside of Defendant's home turf in an effort to avoid any attendant advantages that CardioMEMS might gain.

Nonetheless, a defendant's incorporation in Delaware does not preclude transfer from this District. *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002). While LUMC's decision to sue in Delaware is entitled to diminished deference, the Court will not ignore that decision.

As for the convenience of the parties, CardioMEMS contends that the vast majority of its business activities occur in Atlanta and that the design and development of the alleged infringing product took place in Atlanta. Thus, relevant witnesses and documents will be found in the Northern District of Georgia. CardioMEMS also points out Plaintiff brought an inducement claim against it and that the relevant marketing materials and instructions to customers will be found in Georgia, not in Delaware. (CardioMEMS's Br. at 10-11.) But CardioMEMS has not put forward evidence that

litigating in Delaware would present an undue burden. *See Trilegiant Loyalty Solutions, Inc. v. Martiz, Inc.*, Civ. A. No. 04-360, 2005 U.S. Dist. LEXIS 2825, at *6-7 (D. Del. Feb. 15, 2005). The fact that CardioMEMS would prefer to have its employees testify in Georgia rather than Delaware does not warrant transfer. CardioMEMS does not carry its burden because it finds itself as a defendant litigating away from its principal place of business. Thus, while CardioMEMS would prefer to litigate this case in its backyard, there is no evidence that it would present a financial burden or even a great disruption to the company. This factor is neutral.

Because party witnesses can be compelled to attend trial, the convenience of witnesses is only relevant "to the extent that the witnesses may actually be unavailable for trial in one fora." *Jumara*, 55 F.3d at 879; *Sunds Defibrator, Inc. v. Durametal Corp.*, Civ. A. No. 96-483, 1997 U.S. Dist. LEXIS 1859, at *9-10 (D. Del. Jan. 31, 1997) ("[W]hile convenience of the witnesses is a factor, it is important only to the extent the witnesses would be unavailable for trial in one of the fora. Each party is able to procure the attendance of its own employees for trial."). CardioMEMS points to employees and staff who live and work in the Northern District of Georgia to support its position. (Bauer Decl. ¶¶ 8-10, 14.) These individuals are irrelevant to the analysis. While CardioMEMS notes that non-employee physicians decide whether to use the allegedly infringing system, it fails to indicate that these physicians will need to testify, let alone whether any of them are unavailable in Delaware.

Similarly, the location of evidence should only be considered to the extent such books and records could not be produced in the alternative forum. *Jumara*, 55 F.3d at 879. Defendant does not argue that it would be unable to produce certain records or documents in Delaware.

Therefore, the convenience of witnesses and location of evidence factors weight against

transfer.

        2.     *Public factors*

CardioMEMS suggests two public factors play a role in this litigation: (1) the practical considerations that could make the trial easy, expeditious, or inexpensive; and (2) the interest in deciding local disputes at home.

As to the practical considerations, Defendant relies on its earlier arguments related to the private factors to argue that this litigation will be easier, more expeditious and inexpensive to try in Georgia than in Delaware. (CardioMEMS's Br. at 13.) Plaintiff retorts that Delaware has more flexible local rules than the Northern District of Georgia and that the District of Delaware "is also highly experienced in handling patent infringement litigation, and the magistrate judge is skilled in managing patent cases and even settling patent cases informally." (LUMC Br. in Opp'n to Def.'s Mot. to Transfer at 15.)

The public factors are neutral. While it may be less costly for Defendant to try this matter in Georgia, Defendant has not put forth any argument that proceeding in Delaware would present a financial hardship. Furthermore, discovery can proceed in this District with minimal inconvenience thanks to the ease of sending materials electronically. *See CNH Am., LLC v. Kinzenbaw*, Civ. A. No. 08-945, 2009 U.S. Dist. LEXIS 105312, at *9-10 (D. Del. Nov. 9, 2009). And this Court trusts that the parties can reach agreement on the location of depositions of employees located in Georgia, as well as the inventor, who is in the Netherlands.

As to deciding local disputes at home, this is a patent infringement case and thus does not implicate local concerns. *See Illumina*, 2010 WL 4818083, at *5; *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 207 (D. Del. 1998); *Stratos*, 2002 U.S. Dist. LEXIS 5653, at *8 ("Patent rights

are not local or state matters and therefore cannot give rise to a local controversy, or implicate local public policy."). Additionally, because this is a patent infringement case, the Court disagrees with Defendant's contention that the work and reputations of its employees are at stake and therefore this litigation implicates local interests. It does not.

IV. **CONCLUSION**

Defendant has failed to sustain its burden to show that the *Jumara* factors warrant transfer to the Northern District of Georgia. The case will remain in the District of Delaware. CardioMEMS's motion is denied. An Order consistent with this Memorandum will be docketed separately.